IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DUANE McATEE,**

        **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:13CV18
                            **(Judge Keeley)**

**F.S. TOOTHMAN, COUNTY OF
HARRISON, DOUG BETLER, KEITH
MARPLE, THOMAS A. BEDELL, and
TRACI M. COOK,**

        **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On February 1, 2013 the pro se plaintiff, Duane McAtee ("McAtee"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment rights. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. (Dkt. No. 22). On February 14, 2013, defendants County of Harrison ("Harrison County") and Traci M. Cook, Esq. ("Cook") moved to dismiss McAtee's complaint. (Dkt. No. 20). On February 25, 2013, defendants Lieutenant Doug Betler ("Betler") and Officer F.S. Toothman ("Toothman") also moved to dismiss the complaint. (Dkt. No. 25). Defendants Judge Thomas A. Bedell ("Judge Bedell") and Magistrate Keith Marple ("Magistrate Marple") moved to dismiss McAtee's complaint on February 25, 2013, as well. (Dkt No. 30). Then, on April 16, 2013, McAtee filed an Affidavit of Stated Facts

**MCATEE V. TOOTHMAN ET AL**                                    **1:13CV18**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Motion for Summary Judgment. (Dkt. No. 39).[1]

On June 12, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that the defendants' motions to dismiss be granted and the plaintiff's § 1983 action be dismissed without prejudice. (Dkt. No. 45). The magistrate judge determined that McAtee's complaint failed to state a claim for which relief could be granted, that he had failed to allege a constitutional tort, and that, alternatively, the individual defendants are entitled either to absolute or qualified immunity.

Specifically, the Magistrate Judge reasoned that the State of West Virginia and Commonwealth of Pennsylvania are empowered to regulate the use of highways within their own borders, see Liberty Highway Co. v. Michigan Pub. Util. Comm., 294 F. 703, 707 (D. Mich. 1923) (citing Escanaba & Lake Michigan Trans. Co. v. Chicago, 107 U.S. 678 (1883)), and so concluded that McAtee's claims on that ground are meritless. As to McAtee's claims that Judge Bedell and Magistrate Marple had issued warrants for his arrest absent probable cause, and were therefore liable to him under § 1983, the Magistrate Judge concluded that those defendants are entitled to absolute immunity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

---

[1] The Magistrate Judge issued Roseboro notices to McAtee on February 18, 2013 (dkt. no. 24) and February 27, 2013. (Dkt. Nos. 32, 33).

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Judge also concluded that Cook, a prosecutor for the State of West Virginia, had acted at all times in her official capacity as a prosecutor, and thus is also entitled to absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutor is entitled to absolute immunity when performing prosecutorial duties, rather than investigative or administrative).

The Magistrate Judge also concluded that McAtee had failed to state a claim against Toothman and Betler for violations of his Fourth Amendment rights, and, in the alternative, that those defendants are entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (qualified immunity shields government officials from liability in a § 1983 suit as long as their conduct has not violated "clearly established statutory or constitutional rights of which a reasonable person would have known"). Finally, the Magistrate Judge concluded that McAtee had failed to state a claim under § 1983 against Harrison County because he had not shown that he was subjected to a constitutional tort at all, and in any event, that he had not alleged how Harrison County had participated in the alleged constitutional tort or tacitly authorized the tortious practice. See Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).

The R&R also specifically warned McAtee that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties

did not file any objections.[2] Consequently, finding no clear error, the Court:

(1)   **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 45);

(2)   **GRANTS** the motions to dismiss (dkt. nos. 20, 27, and 30);

(3)   **DISMISSES AS MOOT** McAtee's Affidavit of Stated Facts Motion for Summary Judgment (dkt. no. 39); and

(4)   **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: July 2, 2013.

                                                   /s/ Irene M. Keeley
                                                   IRENE M. KEELEY
                                                   UNITED STATES DISTRICT JUDGE

---

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).